VILLAGE OF HYDE PARK

v.

JOSEPH B. ROBINSON.

</div>

INJURY ON SIDEWALK—DAMAGES.—A judgment of $4,250.50 for damages to appellee, a stranger, for an injury caused, while walking in the evening on a sidewalk, by a fall into a ditch, which intersected the course of such sidewalk and which the village authorities had negligently left without barriers. *Held*, that the damages are not excessive.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding. Opinion filed April 28, 1886.

Messrs. WILLARD & DRIGGS, for appellant.

Messrs. H. H. C. MILLER and Mr. I. STILES, for appellee.

McALLISTER, J. This was an action on the case brought by

Village of Hyde Park v. Robinson.           .

appellee, Robinson, against the appellant, the village of Hyde Park, to recover damages for a personal injury to plaintiff, occasioned Nov. 12, 1881, while traveling in the dark at night, upon a sidewalk made of boards, along one of the public streets or highways of said village, by inadvertently walking into an open ditch which intersected the course of said sidewalk, and was left, as it was alleged, without any guard or barriers to prevent such accidents, through the negligence of the defendant.    There was a trial, and verdict and judgment passed against the defendant for forty-two hundred and fifty dollars and fifty cents; and defendant brings the case here by appeal.

There is not a question of law presented by the record; but a reversal is asked upon the ground that the verdict of the jury was contrary to the instructions of the court given on behalf of the defendant, and because the damages were excessive.

The plaintiff gave testimony tending to show that at the time in question he was a stranger in the locality; that he wanted to reach a certain railroad depot to take the cars; that it was after dark and very dark; that he went from Kensington avenue upon a sidewalk along the public highway, known as the Thornton Road ; that while walking carefully, and not suspecting any danger, he was plunged into a deep ditch and severely injured.    It appeared that this sidewalk had been open and used by the public for several years; that it was made of boards, thus inviting the public to use it; that the course of it was intersected by a ditch running nearly at right angles with the course of the walk, about eleven feet wide and nine and a half feet deep, containing water; that the sidewalk on either side of the ditch came up to within a few feet of it ; that it was left without guards or barriers, and had been in that condition for months previous to the injury ; nor was there any light near it at night.

The defendant endeavored, but, as we think, without success, to prove that the boundaries of Thornton Road had recently, before the time in question, been altered by the village authorities, so that some portion, at least, of the sidewalk on

which the plaintiff traveled, was outside such new boundaries. But we think a preponderance of the evidence was against that theory; at all events, it was a mere question of fact for the jury. If, as was shown, said sidewalk had been open for and used by the public for years before, and it be conceded that the village made a change of the boundaries of the highway on paper, but left the sidewalk open for the use of the public, as it had been for years before, thus inviting the public, and inducing strangers to go upon it, in the belief that it was safe, and it was, in fact, unsafe in the way above stated, the municipality would be liable to any one injured, while in the exercise of ordinary care, by falling into said ditch.

We are of opinion that the negligence of the defendant was manifestly gross; and it appearing that the injury to plaintiff was serious, causing great suffering and disability, with an almost absolute certainty of being permanent, it is no case for us to interfere, on the ground of excessiveness of damages.

Perceiving no error in the record, the judgment below will be affirmed.

<div align="right">Affirmed.</div>